**UNITED STATES DISTRICT COURT**
                     **EASTERN DISTRICT OF WISCONSIN**
_____

**KOHLER CO.,**
        **Plaintiff,**

**v.**                                                                                       **Case No. 13-CV-1170**

**OTTO R. KOPIETZKI,**
        **Defendant.**
_____

## **DECISION AND ORDER**

Plaintiff, the Kohler Company, brought this suit against a former employee alleging tortious interference with contract and breach of contract by the use of confidential information. Defendant counterclaimed for abuse of process. Before me now are plaintiff's motion to dismiss the counterclaim and several other motions.

As a threshold matter, defendant argues that I should deny plaintiff's motion to dismiss the counterclaim pursuant to Fed. R. Civ. P. 15(a)(3) because it was untimely filed. On April 4, 2014, defendant filed an amended counterclaim, and plaintiff filed a renewed motion to dismiss on April 23 which, according to defendant, was two days after the 14-day time limit provided in Rule 15(a)(3). Rule 15(a)(3) governs the time to "respon[d] to an amended pleading." In the context of Rule 15(a), however, a motion to dismiss is not a responsive pleading. *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Thus, the 14-day time limit of Rule 15(a)(3) does not apply. Even if it did, I would not enforce it because defendant was not misled or prejudiced by plaintiff's renewed motion to dismiss. 3 James Wm. Moore, Moore's Federal Practice § 15.17 ("[S]o long as no other party is misled or prejudiced, courts will usually . . . permit the party to make whatever responsive pleading is required.").

Plaintiff first argues that defendant's abuse of process counterclaim should be dismissed because it is premature. Wisconsin law, which governs the issue, distinguishes between the torts of abuse of process and malicious prosecution. *See Brownsell v. Klawitter*, 102 Wis. 2d 108, 112–14 (1981). In order to bring a malicious prosecution claim, a party must plead an absence of probable cause for instituting the former proceeding. *Id.* Thus, a party cannot bring a malicious prosecution claim until the former proceeding has terminated in its favor. *Id.* However, an abuse of process plaintiff must plead only: (1) a wilful act in the use of process not proper in the regular conduct of the proceedings, and (2) an ulterior motive. *Id.* at 115. Thus, the former proceeding need not have terminated before a party can bring an abuse of process claim. *Id.* Although not required, however, an abuse of process claim may allege a lack of probable cause. *Id.* at 116. If it does, termination of the proceeding "is necessary to establish the absence of probable cause." *Id.* This rule presumably prevents defendants from injecting premature malicious prosecution claims into ongoing litigation in the guise of abuse of process counterclaims. Wisconsin courts generally disfavor abuse of process claims because of their potential chilling effect on ongoing litigation. *Schmit v. Klumpyan*, 264 Wis. 2d 414, 425 (Ct. App. 2003).

Here, defendant's abuse of process counterclaim specifically alleges that plaintiff improperly filed this lawsuit in an effort to prevent defendant from consulting on behalf of plaintiff's competitors. The amended counterclaim, however, also alleges that defendant "has no evidence whatsoever" to support its claims and that they have "no basis in fact or in law." Answer & Am. Countercl. at 11–13 (ECF No. 19). These statements are the

2

equivalent of an allegation that plaintiff lacked probable cause to commence this suit. *See Badger Cab Co., Inc. v. Soule*, 171 Wis. 2d 754, 767 (Ct. App. 1992) (finding that an assertion that the "complaint was neither well-grounded in fact nor warranted by existing law or a good faith argument for its modification" was "equivalent to alleging that the process was issued without probable cause"). Nor does it matter, as defendant argues, that the allegation of a lack of probable cause serves "to add credence to [the] allegations" and "are not the sole basis for his claim." Def.'s Br. in Opp'n at 6 (ECF No. 10). The fact that defendant's abuse of process claim rests even in part on an allegation of lack of probable cause requires plaintiff's claims to be resolved in order "to establish the absence of probable cause." *Brownsell*, 102 Wis. 2d at 116; *Badger Cab Co., Inc.*, 171 Wis. 2d at 767 (rejecting the argument that "as long as [defendant has] sufficiently pled the two essential elements of abuse of process, [he] should be allowed to proceed on the counterclaim despite alleging a lack of probable cause"). Additionally, defendant repeatedly relies on his lack of probable cause allegation suggesting that it is important to his claim. *See, e.g.,* Def.'s Br. in Opp'n at 8 (ECF No. 10) (stating that "Kohler proceeded to file a lawsuit with no evidence to support its allegations" to support defendant's argument that he adequately pled the elements of an abuse of process claim); *id.* at 8 ("Kopietzki pleads that Kohler brought a lawsuit that lacks factual and legal merit to prevent him from lawfully consulting with Kohler's competitors."); *id.* at 9 (arguing that Kohler "brought a lawsuit that lacked evidentiary support"); *id.* at 11 n.5 (arguing that defendant "alleged enough facts to state a plausible claim for relief" because he alleged "that Kohler brought this lawsuit without evidentiary or legal basis to prevent him from consulting with Kohler's

3

competitors"); Def.'s Br. in Opp'n at 4 (ECF No. 24) (arguing that the allegation that "Kohler brought this lawsuit with no evidence to support its allegations" helps establish his abuse of process claim). Defendant's lack of probable cause allegation thus requires that plaintiff's claims terminate in defendant's favor before defendant can bring its abuse of process counterclaim. Thus, the counterclaim is premature.

The parties disagree on how I should handle the premature counterclaim. Plaintiff argues that it should be dismissed without prejudice, while defendant argues that it should be stayed pending resolution of the merits.[1] Defendant cites *Badger Cab Co., Inc. v. Soule*, in which the Wisconsin Court of Appeals held that the trial court "correctly withheld a ruling on the motion to dismiss" the abuse of process counterclaim until the principal lawsuit terminated. 171 Wis. 2d at 768. But the *Badger Cab Co.* court did not hold that this was the only way to handle a premature abuse of process claim. I see little practical difference between a dismissal without prejudice, which will allow defendant to renew his abuse of process claim if the case resolves in his favor, and a stay, which essentially does the same thing. Thus, I will dismiss the abuse of process counterclaim without prejudice, and defendant may refile it if and when it is appropriate.

I will grant plaintiff's motion for a protective order precluding discovery on the counterclaim. I will also grant defendant's requests to withdraw his summary judgment

---

[1] Defendant argues that either a dismissal or a stay would be "highly inefficient" and that it makes more sense for discovery on defendant's counterclaim to occur at the same time as discovery on plaintiff's claims. Def.'s Br. in Opp'n at 7 n.3 (ECF No. 10). I disagree. Efficiency seems to weigh in favor of delaying discovery on the abuse of process claim until after plaintiff's claims have been resolved. If plaintiff's claims resolve in its favor, then defendant can no longer claim lack of probable cause and discovery on the issue will be rendered unnecessary. Thus, waiting may save time and money on unnecessary discovery.

motion and to forego a reply brief. I will decline to impose sanctions on defendant. With respect to plaintiff's request to seal certain exhibits, I note that records of judicial proceedings are generally public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "[O]nly trade secrets, information covered by a recognized privilege . . ., and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Information may only be kept under seal if the party asserting confidentiality shows good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Plaintiff has not shown good cause to keep under seal the exhibits attached to the Declaration of Michael J. Aprahamian (ECF No. 82). I will give the parties 10 days to withdraw the documents from the record or, alternatively, show good cause why these documents should be kept under seal. Otherwise, I will order that the documents be unsealed. Finally, I will grant plaintiff's request for an extension of discovery deadlines based on its ongoing discovery needs as well as the unexpected departure of Attorney Aprahamian and the need for his successor to get up to speed.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to dismiss (ECF No. 20) is **GRANTED**. Defendant's abuse of process counterclaim is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to withdraw his summary judgment motion (ECF No. 78) is **GRANTED**. The Clerk shall withdraw the following documents from the docket: ECF Nos. 34, 35, 36, 37 and all attachments, 38 and all attachments, 39, 40 and all attachments, 41, 42, 47, 48 and all attachments, 49, 50, 51 and all attachments, 52 and all attachments, 53 and all attachments, 54, 55, 60, 61, 62,

63 and all attachments, 64 and all attachments, 65, 66 and all attachments, 67, 72-1, 72-2, 72-3, 72-4, 72-5, 72-6, 72-7, 72-8, 72-9, 72-10, 72-12, 72-13, 72-14, 72-15, 72-16, 72-17, 72-18, 72-19, 72-20, 72-21, 72-22, 72-23, and 72-24.

**IT IS FURTHER ORDERED** that plaintiff's motion to seal documents (ECF No. 46) is denied as moot; all previously sealed documents have been withdrawn, unsealed, or replaced pursuant to the text only order issued at ECF No. 72.

**IT IS FURTHER ORDERED** that plaintiff's motion for a protective order (ECF No. 74) is **GRANTED**. Defendant is precluded from pursuing any discovery solely related to its counterclaim.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a reply (ECF No. 84) is **GRANTED**. The Clerk shall docket defendant's reply brief currently attached as ECF No. 84-1.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time (ECF No. 89) is **GRANTED**. The scheduling order is modified as follows:

1. All requests for fact discovery shall be served by a date sufficiently early so that all discovery in this case can be completed no later than **April 17, 2015**.

2. The parties shall disclose their experts for the issues on which they bear the burden of proof no later than **May 11, 2015**, using the procedures set out in Fed. R. Civ. P. 26(a)(2). Any rebuttal experts shall be disclosed no later than **May 29, 2015**. Expert discovery shall be completed on or before **June 15, 2015**.

3. Any dispositive motions must be served and filed on or before **June 30,**

**2015**.

**IT IS FURTHER ORDERED** that the parties shall have ten (10) days from the date of this order to show good cause why plaintiff's motion to seal (ECF No. 83) should be granted or to withdraw the documents filed under seal. If the parties fail to do so, I will order the Clerk to unseal the documents.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2014.

          s/ Lynn Adelman
          _____
          LYNN ADELMAN
          District Judge